IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSHUA JAMES GOYETTE, HD-7186, )<br>    Petitioner, )<br>)<br>        v. )<br>)<br>JEROME WALSH, et al., )<br>    Respondents. ) | 2:14-cv-418 |

REPORT and RECOMMENDATION

I. Recommendation:

It is respectfully recommended that the petition of Joshua James Goyette for a writ of habeas corpus be dismissed as time barred and that a certificate of appealability be denied.

II. Report:

Joshua James Goyette, and inmate at the State Correctional Institution at Dallas, has presented a petition for a writ of habeas corpus which he has been granted leave to prosecute in forma pauperis.

Goyette is presently serving a twenty to forty year sentence imposed on April 20, 2007, following his conviction by a jury of criminal attempt, attempted homicide, aggravated assault, burglary and criminal mischief at No. CP-10-CR-1980-2005 in the Court of Common Pleas of Butler County, Pennsylvania.[1] An appeal was taken to the Superior Court which Court on June 27, 2008 affirmed the judgment of sentence.[2] Allowance of appeal to the Pennsylvania Supreme Court was denied on November 24, 2008.[3]

On August 13, 2009, Goyette filed a post-conviction petition in the Court of Common Pleas.[4] On March 24, 2010 that petition was denied and no appeal was pursued.[5] However, a

---

[1] See: Petition at ¶¶ 1-6.
[2] See: Exhibit A to the petition.
[3] See: Docket CP-10-CR-1980-2005 which is attached in part to the petition as Exhibit D and which can be completely viewed on the Pennsylvania Unified Judicial System at http://ujsportal.pacourts.us . The latter docket sheet will be referred to in this Memorandum since it is more complete than the one submitted by the petitioner.

1

second post-conviction petition was filed on August 14, 2012 and on August 24, 2012, the court entered the following Order:

> Notice is hereby given that the Court intends to dismiss the def's PCRA w/o a hearing … pursuant to Pa.R.Crim.P. 907(1). The def. argues that his Petition for Post Conviction Collateral Relief that relief is due under Miller v. Alabama, 132 S.Ct. 2455 (2012). More specifically, the def. argues that Miller mandates consideration by the sentencing Judge of an offender's neurological development as a potential mitigating factor. The def. further argues that the mandatory nature of the sentences imposed in this case preclude such consideration. The Court disagrees. It appears from out review that the only mandatory sentence applicable under Title 42, Pa.Cons.Stat.Ann. 9717, related to the charge of aggravated assault. The charge merged with the crime of attempted homicide for sentencing purposes. Thus, the def. cannot be said to be serving a mandatory sentence that denied the sentencing judge the opportunity to consider mitigating factors in fashioning a sentence. The def. committed a particularly brutal crime against a sleeping elderly woman. A review of the notes of testimony from the sentencing hearing on April 20, 2007 makes it clear that [the sentencing judge] did consider the def.'s potential for rehab. and the risk of the defendant, reoffending in an unsupervised environment in crafting his sentence. The def.'s argument relating to Miller is thus meritless and no purpose would be served by further proceedings in this matter. The court also notes that the petition is the def.'s second petition under the Post Conviction Relief Act. Second or subsequent petitions will not be entertained unless a strong prima facie showing is offered to demonstrate that a miscarriage of justice may have occurred. The def. has not met that burden. The def. may respond w/n twenty (20) days of this order. Failure to respond w/n the twenty (20) days will result in the dismissal of the def.'s motion. This order does not constitute a final order for purposes of appeal.[6]

While the docket sheet demonstrates that petitioner filed a "rebuttal for intent to dismiss" the post-conviction court never entered a final order of dismissal.[7] However, on November 5, 2012, Goyette filed a notice of appeal which was returned by the Superior Court for failure to "reflect the date of the order/judgment being appealed" and he was subsequently advised of the appropriate filing fee. No further action has occurred.[8]

On March 24, 2014, Goyette executed the instant petition contending he is entitled to federal habeas corpus relief on the following grounds:

1. Failure to suppress allegedly illegally obtained evidence.

---

[4] Id. at p.21.
[5] Id. at pp.22-23.
[6] Id. at p.24.
[7] Id.
[8] Id. at pp. 24-25.

2. Insufficient evidence to sustain the conviction.
3. Use of false testimony to invoke subject matter jurisdiction.
4. Denial of the effective assistance of counsel.

It is provided in 28 U.S.C. § 2244(d)(1) and (d)(2) that:

(1) A 1-year period of limitation shall apply to the application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

An untimely post-conviction petition is not "properly filed". Pace v. DiGulglielmo, 544 U.S. 408 (2005).

In the instant case, leave to appeal to the Pennsylvania Supreme Court was denied on November 24, 2008. Thus, his conviction became final on February 22, 2009 when the time in which to seek certiorari expired. Gonzalez v. Thaler, 132 S.Ct. 641 (2012). The effective date of the Antiterrorism and Effective Death Penalty Act which imposed the one year statute of limitations is April 24, 1996 and thus it is applicable here. The petitioner sought timely post-conviction relief which was denied on March 24, 2010 and appellate relief was not sought. The instant petition was executed on March 24, 2014 or four years after post-conviction relief was

3

denied. Since far in excess of the one year period in which to seek relief has expired, and no basis for equitable tolling of the statute is demonstrated here, the petition is time barred. [9]

Accordingly, it is recommended that the petition of Joshua James Goyette be dismissed and time barred and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

Litigants who seek to challenge this Report and Recommendation must seek review by the district judge by filing objections within fourteen (14) days of this date and mailing them to United States District Court, 700 Grant Street, Pittsburgh PA 15219-1957. Failure to file timely objections will waive the right to appeal.

|  | Respectfully submitted,<br>s/ Robert C. Mitchell |
|---|---|
| Filed: April 17, 2014 | United States Magistrate Judge |

---

[9] We observe that Goyette filed a second post-conviction petition on August 14, 2012 raising a *Miller v. Alabama* claim (132 S.Ct. 2455, 2460 (2012)) which held that a "mandatory [sentence of] life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishment.'" This issue has never been raised by Goyette in the appellate courts of the Commonwealth, and appears to be inapplicable here since a mandatory life sentence was not imposed and the petitioner was born on November 11, 1979 (see, Sentence Status Statement appended to the petition) and the charged offenses occurred in 2005 (see, Docket sheet). Additionally, we note that although it cannot be conclusively determined from the order of the post-conviction court, there is also the possibility that the second post-conviction petition was not a "properly filed" petition.